UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO RODRIGUEZ RIOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA FINE WINE & SPIRITS LLC,<br><br>　　　　　Defendant. | Case No.　1:25-cv-01531-KES-EPG<br><br>ORDER APPROVING STIPULATION FOR A PROTECTIVE ORDER, IN PART<br><br>(ECF No. 8) |

This matter is before the Court on the parties' stipulation for a protective order. (ECF No. 8). Upon review, the Court will approve the parties' stipulation for a protective order, in part.

The parties define confidential information subject to protection to include "any information that qualif[ies] for protection from disclosure under [the] Protective Order." (*Id.* at 2). In turn, the parties define confidential materials as follows:

> "CONFIDENTIAL Materials" refer to documents that need protection from disclosure because they contain either Party's personal, private, proprietary, or privileged information, or confidential information pertaining to third parties. CONFIDENTIAL Materials include: (i) either Party's commercial or financial information; (ii) Defendant's sales practices, internal practices and policies, and either Party's trade secrets; (iii) health, employment, and financial information of either Party or either Party's current or former employees; (iv) personal identifying information of any person; and (v) any other non-public information that the Designating Party in good faith believes warrants confidential treatment under applicable law.

(*Id.*).

The Court approves the stipulation to the extent that confidential information is limited to

1

this specific description in the stipulation.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Here, the protective order permits a party to file a motion regarding disputes as to confidential information without first participating in the Court's mandated informal discovery dispute resolution process. (ECF No. 8, p. 5). This will not be permitted, the Court will not be bound by the parties' protective order, and the Court's established practices or Rules will govern the litigation of this case. (ECF No. 7, p. 4; Standard Procedures, available on the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50351/).

Accordingly, IT IS ORDERED that the parties' stipulation for a protective order (ECF No. 8) is approved, in part, as specified above.

IT IS SO ORDERED.

Dated:    **April 9, 2026**                          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE